1440071800-70

# TERM PROMISSORY NOTE

From

ITPROP, LLC

to the order of

SANDY SPRING BANK

DATE: 3/15/11

1

**DEBTOR'S EXHIBIT 2**

Baltimore, Maryland  
Date: 3/15/11

Amount: $356,500.00

## TERM PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, ITPROP, LLC, (herein, collectively the "BORROWER"), promises to pay to the order of SANDY SPRING BANK, (herein, the "BANK") at the BANK'S offices at 9112 Guilford Road, Columbia, Maryland 21046, or at such other place as the holder of this Promissory Note may from time to time designate, the principal sum of Three Hundred Fifty-Six Thousand Five Hundred Dollars ($356,500.00) as disbursed to the BORROWER under the terms and conditions of various documents executed and delivered by the BORROWER and/or other signatory parties to the BANK (herein, the "LOAN DOCUMENTS"), together with interest thereon at the rate hereafter specified and any and all other sums which may be owing to the holder of this Promissory Note by the BORROWER, on the date which occurs one hundred twenty (120) months from the date of this Promissory Note, which is the final and absolute due date, subject to acceleration as hereafter set forth, of this Promissory Note. The following terms shall apply to this Promissory Note.

1. <u>Interest Rate.</u> For the period from the date hereof until all sums due hereunder, whether principal, interest, penalties, fees or other sums, have been paid in full, interest shall accrue on the disbursed and unpaid principal balance of this Promissory Note as follows:

(a) For the first seven years (84 months) commencing on the 15th day of March 2011 interest shall accrue on the disbursed and unpaid principal balance of this Promissory Note at the fixed rate of 5.99% per annum, amortized over a twenty-five (25) year period.

(b) For a subsequent three years (36 months), commencing on the 15th day of March 2018, interest shall accrue on the three (3) year Treasury Constant in effect at that time plus 325 basis points, same to be fixed at that time for the said three (3) years.

2. <u>Calculation of Interest.</u> Interest shall be calculated on the basis of three hundred sixty (360) days per year factor applied to the actual days on which there exists an unpaid disbursed principal balance.

3. <u>Term.</u> The term of this Promissory Note shall be for a period extending one hundred twenty (120) months from the date of this Promissory Note.

4. <u>Repayment.</u> The principal and interest of this Promissory Note shall be paid by the Borrower to the Bank as follows:

(a) For the first seven (7) years, in 84 consecutive equal monthly principal and interest installments to be determined in paragraph 1(a) as above set forth, which installments shall be due on the monthly anniversary date of this Promissory Note, commencing on the 15th day of April 2011 and continuing for 84 consecutive monthly payments.

(b) For a subsequent three years, commencing on the 15th day of April 2018, in 36 consecutive principal and interest installments to be determined in Paragraph 1(b) of this

2

**DEBTOR'S EXHIBIT 2**

Promissory Note, with interest at the three (3) year Treasury Constant in effect at that time plus 325 basis points, per annum, same to be fixed over the three year period.

5. Application of Payments. All payments made hereunder shall be applied first to late penalties or other sums owing the holder, next to accrued interest, and then to principal, or, during any default by the BORROWER, in such other order or proportion as the BANK, in its sole and absolute discretion, may determine.

6. Prepayment Penalty. The Lender shall require ten (10) days' advance notice in writing of any prepayment. Prepayments must include all interest accrued but unpaid on the prepaid principal amount to the date of prepayment. Partial prepayment shall not postpone the due date or alter the amount of any subsequent payment required to be made under the terms of the Loan unless the Lender agrees in writing in advance of the prepayment. Prepayments in any year following the date of Loan closing will require that a fee be paid to the Lender, to be calculated on the prepaid principal amount as follows: Three percent (3.0%) during the first year; Two percent (2.0%) during the second year; and one percent (1.0%) during years three through ten.

7. Late Payment Penalty. Should any payment of interest or of principal and interest due hereunder be received by the holder of this Promissory Note more than fifteen (15) days after its due date, the BORROWER, shall pay a late payment penalty equal to five percent (5%) of the amount then due.

8. Acceleration Upon Default. Upon a default in the payment of any amount due under this Promissory Note or any other LOAN DOCUMENT, or upon an EVENT OF DEFAULT under the Deed of Trust which secures the indebtedness reflected by this Promissory Note, or upon a default under any other LOAN DOCUMENT, which default is not cured within any applicable cure or grace period, the holder may, in the holder's sole and absolute discretion and without further notice or demand, declare the entire unpaid balance of principal plus accrued interest and any other sums due hereunder immediately due and payable.

9. Default Interest Rate. Upon a default in the payment of any amount due under this Promissory Note or any other LOAN DOCUMENT, or upon an EVENT OF DEFAULT under the Deed of Trust which secures the indebtedness reflected by this Promissory Note, or upon a default under any other LOAN DOCUMENT, which default is not cured within any applicable cure or grace period and unless and until cured, the holder may raise the rate of interest accruing on the disbursed unpaid principal balance by two (2) percentage points above the rate of interest otherwise applicable, independent of whether the holder of this Promissory Note elects to accelerate the unpaid principal balance as a result of such default.

10. Confession of Judgment. Upon any default in the payment of any amount due under this Promissory Note or any other LOAN DOCUMENT, or upon an EVENT OF DEFAULT under the Deed of Trust which secures the indebtedness reflected by this Promissory Note, or upon a default under any other LOAN DOCUMENT, which default is not cured or discharged within any applicable cure or grace period, the BORROWER authorizes any attorney admitted to practice before any court of record in the United States on behalf of the BORROWER to confess judgment against the BORROWER in the full amount due under this Promissory Note plus attorneys' fees in the amount of 15% of the amount due under this Promissory Note. The BORROWER consents to the jurisdiction of and agrees that venue shall be proper in the United States District Court for the

**DEBTOR'S EXHIBIT 2**

District of Maryland, if jurisdiction exists, and/or the Circuit Court of any County of the State of Maryland or of Baltimore City, Maryland. The BORROWER waives the benefit of any and every statute, ordinance, or rule of court which may be lawfully waived conferring upon the BORROWER any right or privilege of exemption, stay of execution, or supplementary proceedings, or other relief from the enforcement or immediate enforcement of a judgment or related proceedings on a judgment. The authority and power to appear for and enter judgment against the BORROWER shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions from time to time, in the same or different jurisdictions, as often as the holder shall deem necessary or advisable until all sums due under this Promissory Note have been paid in full.

11. <u>Waiver of Jury Trial.</u> Borrower and Bank waive all rights to a trial by jury in any action, counterclaim, or proceeding based upon, or related to, the subject matter of this Note or any of the other Loan Documents. This waiver applies to all claims against all parties to such actions and proceedings, including parties who are not parties to this Note. This waiver is knowingly, intentionally and voluntarily made and Borrower acknowledges that neither Bank, nor any person acting on behalf of Bank, has made any representations of fact to induce this waiver of trial by jury or in any way to modify or nullify its effect. Borrower further acknowledges that it has been represented, or has had the opportunity to be represented, in the signing of this Note and in the making of this waiver by independent legal counsel selected of its own free will, and that it has had the opportunity to discuss this waiver with counsel. Borrower further acknowledges that it has read and understands the meaning and ramifications of this waiver provision.

12. <u>Interest Rate After Judgment.</u> If Judgment is entered against the BORROWER on his Promissory Note, the amount of the judgment entered (which may include principal, interest, fees, attorneys' fees and costs) shall bear interest at the highest rate authorized under this Promissory Note as of the date of entry of the judgment.

13. <u>Expenses of Collection.</u> Should this Promissory Note be referred to an attorney for collection, the BORROWER shall pay the attorneys' fees of the holder in the amount of 15% of the amount due under this Promissory Note and all of the holder's costs, fees and expenses resulting from such referral, even though judgment has not been confessed or suit filed.

14. <u>Waiver of Defenses.</u> In the event the holder of this Promissory Note transfers this Promissory Note for value, the BORROWER agrees that all subsequent holders of this Promissory Note shall not be subject to any claims or defenses which the BORROWER may have against a prior holder by virtue of the floating rate of interest used herein.

15. <u>Waiver of Protest.</u> The BORROWER waives presentment, notice of dishonor, protest, notice of intention to accelerate the maturity hereof, and notice of acceleration of the maturity hereof.

16. <u>Extensions of Maturity.</u> The BORROWER agrees that the maturity of this Promissory Note, or any payment due hereunder, may be extended at any time or from time to time by the holder of this Promissory Note without releasing, discharging or affecting the liability of such party.

17. <u>Commercial Loan.</u> The BORROWER warrants that this Promissory Note is the result of a commercial loan transaction within the meaning of Sections 12-101(c) and 12-103(e),

DEBTOR'S EXHIBIT 2

Commercial Law Article, Annotated Code of Maryland.

18. <u>Security.</u> This Promissory Note is secured by the terms and provisions of certain of the LOAN DOCUMENTS including, without limitation, a Deed of Trust of even date herewith from the BORROWER to trustees for the benefit of the BANK, with respect to certain real and personal property described therein, and a General Assignment of Leases and Rents of all tenancies of certain real property, and a first priority security interest in certain personal property.

19. <u>Estoppel Certificate.</u> The BORROWER and the holder of this Promissory Note agree to furnish to the other at any time and from time to time, within fifteen (15) days after a written request, a written Estoppel certificate duly executed and acknowledged, setting forth the amount then due under this Promissory Note, and whether any claim, offset or defense then exists under this Promissory Note.

20. <u>Notices.</u> Any notice or demand required or permitted by or in connection with this Promissory Note (but without implying any obligation to give any notice or demand) shall be in writing and made by hand delivery, by wire or by certified mail, return receipt requested, postage prepaid, addressed to the BANK or the BORROWER at the appropriate address set forth below or to such other address as maybe hereafter specified by written notice by the BANK or the BORROWER, and shall be considered given as of the date of hand delivery or wire or as of two (2) days after the date of mailing, independent of the date of mail delivery, as the case may be:

**If to the BANK:**

Sandy Spring Bank
9112 Guilford Road
Columbia, Maryland 21046
Attention: Alan Jefferson, Vice President

**If to the BORROWER:**

ITProp, LLC
8017 Dorsey Run Rd - Unit H, 1-2 +1-3
Jessup, md 20794
Attention: Robert L. Wilt, Member
Cathy R. Wilt, Member

21. <u>Choice of Law.</u> This Promissory Note shall be governed, construed, and enforced in accordance with the laws of the State of Maryland. The BORROWER consents to the jurisdiction of the courts of the State of Maryland and, if diversity of citizenship exists between the BORROWER and the holder and a sufficient amount is in controversy, or if some other basis exists for the jurisdiction of the federal courts, to the jurisdiction of the United States District Court for the District of Maryland. The BORROWER acknowledges that this Promissory Note was executed and delivered within the geographical boundaries of the State of Maryland.

22. <u>Tense and Gender.</u> As used herein, the term "BORROWER" includes the singular and the plural and refers to all genders.

5

**DEBTOR'S EXHIBIT 2**

23. <u>Joint and Several Liability.</u> In the event there exists more than one person described by the term "BORROWER", the liabilities hereunder shall be joint and several.

24. <u>Assignability.</u> This Promissory Note may be assigned by the Bank or any holder at any time or from time to time.

25. <u>Binding Nature.</u> This Promissory Note shall inure to the benefit of and be enforceable by the BANK and the BANK'S successors and assigns and any other person to whom the BANK may grant an interest in the BORROWER'S obligations to the BANK, and BORROWER'S successors and assigns.

26. <u>Invalidity of any Part.</u> If any provision or part of any provision of this Promissory Note shall for any reason be held invalid, illegal or unenforceable in any respect, such other provisions of this Promissory Note and this Promissory Note shall be construed as if such invalid, illegal or unenforceable provision or part thereof had never been contained herein, but only to the extent of its invalidity, illegality or unenforceability.

IN WITNESS WHEREOF, the BORROWERS have executed this Promissory Note under seal as of this _15th_ day of _March_ 2011, with the specific intention that this Promissory Note constitutes an instrument under seal.

WITNESS/ATTEST:                    ITPROP, LLC

                                   X _____
                                   Robert V. Wilt, Member

                                   X _____
                                   Cathy R. Wilt, Member

BTC\10993

6

**DEBTOR'S EXHIBIT 2**