# GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT (this "Guaranty") is made this 15th day of March 2011 by THE INNOVATIVE TECHNOLOGIES GROUP & CO, LTD, a Maryland Corporation, their legal representatives, heirs and assigns (collectively, the "Guarantor") for the benefit of SANDY SPRING BANK, its successors and assigns (the "Lender"), with respect to the obligations of ITPROP, LLC, a Maryland Limited Liability Company (the "Borrower") to the Lender.

### Explanatory Statement

The Borrower has requested certain credit accommodations from the Lender. The Lender has agreed to extend credit to the Borrower, but only if the Guarantor gives the guaranty provided in this Guaranty. The Guarantor is willing to give the Guaranty so as to induce the Lender to extend credit to the Borrower.

NOW, THEREFORE, in consideration of these premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Guarantor gives the following guaranty and indemnification to and for the benefit of the Lender.

### Agreement

Section 1. **Guaranty**. The Guarantor guaranties (a) payment of any and all sums now or hereafter due and owing to the Lender by the Borrower as a result of or in connection with any and all existing or future indebtedness, liability, or obligation of every kind, nature, type, and variety owed by the Borrower to the Lender, arising out of or related to any credit accommodation, loan, letter of credit, guaranty, transaction, event, or occurrence, whether direct or indirect, absolute or contingent, primary or secondary, joint or several, unconditional or conditional, known or unknown, liquidated or unliquidated, contractual or tortious, including all renewals, refinancings, extensions, substitutions, amendments, and modifications thereof, no matter when or how created, arising, evidenced, or acquired, and whether or not presently contemplated or anticipated, including, but not limited to, all amounts of principal, interest, penalties, reimbursements, advancements, escrows, and fees; (b) that all sums now or hereafter due and owing by the Borrower to the Lender shall be paid when and as due, whether by reason of installment, maturity, acceleration or otherwise, time being of the essence; and (c) the timely, complete, continuous, and strict performance and observance by the Borrower of any and all of the terms, covenants, agreements and conditions contained in any and all existing or future documents, instruments, agreements, and writings of every kind, nature, type, and variety which evidence, reflect, embody, give rise to or secure any and all existing and future indebtedness, liabilities, and obligations of any kind of the Borrower to the Lender (the "Loan Documents"). As used in this Guaranty, the term "Obligations" shall refer to the obligations of payment, performance, and indemnification which the Guarantor has undertaken and assumed pursuant to this Guaranty, both as described in this Section and in other Sections of this Guaranty.

**DEBTOR'S EXHIBIT 3**

Section 2. <u>Nature of Guaranty</u>. This Guaranty is (i) irrevocable, (ii) absolute and unconditional, and (iii) one of payment and not just collection.

Section 3. <u>Accuracy of Representations</u>. The Guarantor guaranties that all representations and warranties made by the Borrower or by the Guarantor to the Lender prior to or after the date of this Guaranty are and will continue to be true, correct, accurate, and complete and not knowingly misleading, and the Guarantor agrees to indemnify and hold the Lender harmless from any loss, cost, or expense which the Lender may suffer, sustain or incur as a result of any representation or statement of the Borrower or of the Guarantor being materially false, incorrect, inaccurate, incomplete or knowingly misleading.

Section 4. <u>Foreclosure Indemnification</u>. If any real or personal property secures either the Borrower's obligations to the Lender or the Obligations and the Lender or any affiliate of the Lender acquires the same after a default by the Borrower or the Guarantor in whole or partial satisfaction of the Borrower's obligations to the Lender or the Obligations, the Guarantor shall indemnify and hold the Lender and its affiliates harmless from any loss, cost, or expense which the Lender or any of its affiliates may sustain as a result of (a) selling the real or personal property so acquired for less than the total sums owed with respect to the Borrower's obligations to the Lender or the Obligations, as the case may be, provided, however, that any such sale is done in a commercially reasonable manner; (b) any action brought against the Lender or any of its affiliates under Section 548 of the <u>United States Bankruptcy Code</u>, as amended, on the ground that the consideration paid by the Lender or its affiliate for the real or personal property was "reasonably equivalent value"; or (c) any action brought against the Lender or any of its affiliates under Section 544(b) of the <u>United States Bankruptcy Code</u>, as amended, or under any applicable state fraudulent conveyance or transfer act, on the ground that the consideration paid by the Lender or its affiliate for the real or personal property was not "fair consideration" or was in any way inadequate.

Section 5. <u>Lender Need Not Pursue Other Rights</u>. The Lender shall be under no obligation to pursue the Lender's rights against the Borrower or any of the collateral of the Borrower securing the obligations of the Borrower to the Lender or against any other guarantor or any collateral of any other guarantor before pursuing the Lender's rights against the Guarantor.

Section 6. <u>Certain Rights of Lender</u>. The Guarantor hereby assents to any and all terms and agreements between the Lender and the Borrower or between the Lender and any other guarantor, and all amendments and modifications thereof, whether presently existing or hereafter made and whether oral or in writing. The Lender may, without compromising, impairing, diminishing, or in any way releasing the Guarantor from the Obligations and without notifying or obtaining the prior approval of the Guarantor, at any time or from time to time (a) waive or excuse a default by the Borrower or any other guarantor, or delay in the exercise by the Lender of any or all of the Lender's rights or remedies with respect to such default or defaults; (b) grant extensions of time for payment or performance by the Borrower or any other guarantor; (c) release, substitute, exchange, surrender, or add collateral of the Borrower or of any other guarantor, or waive, release, or subordinate, in whole or in part, any lien or security interest held by the Lender on any real or personal property securing payment or performance, in whole or in part, of the obligations of the Borrower to the Lender or of any other guarantor; (d) release the Borrower or any other guarantor;

## DEBTOR'S EXHIBIT 3

(e) apply payments made by the Borrower or by any other guarantor to any sums owed by the Borrower to the Lender, in any order or manner, or to any specific account or accounts, as the Lender may elect; and (f) modify, change, renew, extend, or amend in any respect the Lender's agreement with the Borrower or any other guarantor, or any document, instrument, or writing embodying or reflecting the same.

Section 7. **Waivers By Guarantor**. The Guarantor waives: (a) any and all notices whatsoever with respect to this Guaranty or with respect to any of the obligations of the Borrower to the Lender, including, but not limited to, notice of (i) the Lender's acceptance hereof or the Lender's intention to act, or the Lender's action, in reliance hereon, (ii) the present existence or future incurring of any of the obligations of the Borrower to the Lender or any terms or amounts thereof or any change therein, (iii) any default by the Borrower or any surety, pledgor, grantor of security, guarantor or any person who has guarantied or secured in whole or in part the obligations of the Borrower to the Lender, and (iv) the obtaining or release of any guaranty or surety agreement, pledge, assignment, or other security for any of the obligations of the Borrower to the Lender; (b) presentment and demand for payment of any sum due from the Borrower or any other guarantor and protest of nonpayment; and (c) demand for performance by the Borrower or any other guarantor.

Section 8. **Unenforceability of Obligations Of Borrower**. This Guaranty shall be valid, binding, and enforceable even if the obligations of the Borrower to the Lender which are guarantied hereby are now or hereafter become invalid or unenforceable for any reason.

Section 9. **No Conditions Precedent**. This Guaranty shall be effective and enforceable immediately upon its execution. The Guarantor acknowledges that no unsatisfied conditions precedent to the effectiveness and enforceability of this Guaranty exist as of the date of its execution and that the effectiveness and enforceability of this Guaranty is not in any way conditioned or contingent upon any event, occurrence, or happening, or upon any condition existing or coming into existence either before or after the execution of this Guaranty.

Section 10. **No Duty To Disclose**. The Lender shall have no present or future duty or obligation to discover or to disclose to the Guarantor any information, financial or otherwise, concerning the Borrower, any other guarantor, or any collateral securing either the obligations of the Borrower to the Lender or of any other person who may have guarantied in whole or in part the obligations of the Borrower to the Lender. The Guarantor waives any right to claim or assert any such duty or obligation on the part of the Lender. The Guarantor agrees to obtain all information which the Guarantor considers either appropriate or relevant to this Guaranty from sources other than the Lender and to become and remain at all times current and continuously apprised of all information concerning the Borrower, other guarantors, and any collateral which is material and relevant to the obligations of the Guarantor under this Guaranty.

Section 11. **Existing or Future Guaranties**. The execution of this Guaranty shall not discharge, terminate or in any way impair or adversely affect the validity or enforceability of any other guaranty given by the Guarantor to the Lender. Nor shall the execution of any future guaranty by the Guarantor in favor of the Lender discharge, terminate, or in any way impair or adversely affect the validity or enforceability of this Guaranty. All guaranties given by the Guarantor to the

DEBTOR'S EXHIBIT 3

Lender shall be cumulative and shall remain in full force and effect until discharged and terminated in accordance with their provisions, upon satisfaction of the guarantied obligations.

Section 12. <u>Cumulative Liability</u>. The liability of the Guarantor under this Guaranty shall be cumulative to, and not in lieu of, the Guarantor's liability under any other Loan Document or in any capacity other than as Guarantor hereunder.

Section 13. <u>Obligations Are Unconditional</u>. The payment and performance of the Obligations shall be the absolute and unconditional duty and obligation of the Guarantor, and shall be independent of any defense or any rights of setoff, recoupment or counterclaim which the Guarantor might otherwise have against the Lender, and the Guarantor shall pay and perform these Obligations, free of any deductions and without abatement, diminution or setoff. Until such time as the Obligations have been fully paid and performed, the Guarantor: (a) shall not suspend or discontinue any payments provided for herein; (b) shall perform and observe all of the covenants and agreements contained in this Guaranty; and (c) shall not terminate or attempt to terminate this Guaranty for any reason. No delay by the Lender in making demand on the Guarantor for satisfaction of the Obligations shall prejudice or in any way impair the Lender's ability to enforce this Guaranty.

Section 14. <u>Defenses Against Borrower</u>. The Guarantor waives any right to assert against the Lender any defense (whether legal or equitable), claim, counterclaim, or right of setoff or recoupment which the Guarantor may now or hereafter have against the Borrower or any other guarantor.

Section 15. <u>Events Authorizing Acceleration Of Obligations</u>. If any of the following shall happen or occur, the Lender, without notice or demand, may accelerate and call due the Obligations, even if the Lender has not accelerated and called due the sums owed to the Lender by the Borrower: (a) the commencement by the Borrower or the Guarantor of a voluntary case or proceeding under any federal or state bankruptcy, insolvency or similar law; (b) the commencement of an involuntary case or proceeding against the Borrower or the Guarantor under any federal or state bankruptcy, insolvency, or similar law and such case or proceeding is not dismissed within sixty (60) days after commencement; (c) the appointment of a receiver, assignee, custodian, trustee or similar official under any federal or state insolvency or creditors' rights law for any property of the Borrower or the Guarantor; (d) the entry of a judgment against the Guarantor or the Borrower and the failure to satisfy such judgment within thirty (30) days either by payment or by the filing of a supersedeas bond; (e) a failure by the Borrower to satisfy any of the existing or future obligations of the Borrower to the Lender; (f) a failure of the Guarantor to perform any covenant or agreement contained in this Guaranty; (g) the death or the liquidation or dissolution of the Borrower or the Guarantor; or (h) a failure of the Guarantor to satisfy any of the obligations of the Guarantor to the Lender with respect to any loan or extension of credit by the Lender to the Guarantor or under any other guaranty given by the Guarantor to the Lender.

Section 16. <u>Expenses of Collection and Attorneys' Fees</u>. Should this Guaranty be referred to an attorney for collection, the Guarantor shall pay all of the holder's reasonable costs,

**DEBTOR'S EXHIBIT 3**

fees and expenses resulting from such referral, including reasonable attorneys' fees, which the holder may incur, even though judgment has not been confessed or suit has not been filed.

Section 17.   Confession of Judgment.   UPON ANY DEFAULT HEREUNDER, THE GUARANTOR AUTHORIZES ANY ATTORNEY ADMITTED TO PRACTICE BEFORE ANY COURT OF RECORD IN THE UNITED STATES, OR THE CLERK OF SUCH COURT, TO APPEAR ON BEHALF OF THE GUARANTOR AND TO CONFESS JUDGMENT IN ANY SUCH COURT AGAINST THE GUARANTOR IN THE FULL AMOUNT DUE ON THIS GUARANTY AT SUCH TIME PLUS AN ATTORNEYS' FEE EQUAL TO FIFTEEN PERCENT (15%) OF THE AMOUNT DUE. THE GUARANTOR WAIVES ANY RIGHT TO NOTICE OR A HEARING PRIOR TO THE ENTRY OF JUDGMENT AND TO THE BENEFIT OF ANY AND EVERY STATUTE, ORDINANCE, OR RULE OF COURT WHICH MAY BE LAWFULLY WAIVED CONFERRING UPON THE GUARANTOR ANY RIGHT OR PRIVILEGE OF EXEMPTION, APPEAL, STAY OF EXECUTION, OR SUPPLEMENTARY PROCEEDINGS, OR OTHER RELIEF FROM THE ENFORCEMENT OR IMMEDIATE ENFORCEMENT OF A JUDGMENT OR RELATED PROCEEDINGS ON A JUDGMENT. THE AUTHORITY AND POWER WHICH THE GUARANTOR HAS GIVEN FOR ANY ATTORNEY ADMITTED TO PRACTICE BEFORE ANY COURT OF RECORD IN THE UNITED STATES, OR THE CLERK OF SUCH COURT, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST THE GUARANTOR SHALL BE A CONTINUOUS AUTHORITY WHICH SHALL NOT BE EXHAUSTED OR EXTINGUISHED BY ANY ONE OR MORE EXERCISES OR IMPERFECT EXERCISES THEREOF OR BY ANY ONE OR MORE JUDGMENTS ENTERED PURSUANT THERETO AND MAY BE EXERCISED ON ONE OR MORE OCCASIONS AND AT SUCH TIMES AND FROM TIME TO TIME AFTER DEFAULT AND IN THE SAME OR DIFFERENT COURTS.

Section 18.   Interest Rate After Judgment.   If judgment is entered against the Guarantor on this Guaranty, the amount of the judgment entered (which, unless applicable law specifically provides to the contrary, includes all principal, prejudgment interest, late charges, prepayment penalties if any are provided for, collection expenses, attorneys' fees, and court costs) shall bear interest at the highest rate after default authorized by the Loan Documents as of the date of entry of the judgment to the extent permitted by applicable law. In the event any statute or rule of court specifies the rate of interest which a judgment on this Guaranty may bear or the amount on which such interest rate may apply and such rate or amount is less than that called for in the preceding sentence absent a restriction under applicable law, the Guarantor (a) agrees to pay to the order of the Lender an amount as will equal the interest computed at the highest rate after default provided for in the Loan Documents which would be due on the judgment amount (which, for this purpose, shall be considered to include all principal, prejudgment interest, late charges, prepayment penalties if any are provided for, collection expense fees, attorneys' fees, and court costs) less the interest due on the amount of the judgment which bears judgment interest; and (b) authorizes the confession of judgment pursuant to the confession of judgment provision of this Guaranty if the Guarantor fails to make payment thereof.

Section 19.   Enforcement During Bankruptcy.   Enforcement of this Guaranty shall not be stayed or in any way delayed as a result of the filing of a petition under the United States

DEBTOR'S EXHIBIT 3

Bankruptcy Code, as amended, by or against the Borrower. Should the Lender be required to obtain an order of the United States Bankruptcy Court to begin enforcement of this Guaranty after the filing of a petition under the United States Bankruptcy Code, as amended, by or against the Borrower, the Guarantor hereby consents to this relief and agrees to file or cause to be filed all appropriate pleadings to evidence and effectuate such consent and to enable the Lender to obtain the relief requested.

Section 20. Remedies Cumulative. All of the Lender's rights and remedies shall be cumulative and any failure of the Lender to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other right at any time, and from time to time, thereafter.

Section 21. Discharge of Guaranty. This Guaranty shall not be discharged and the Guarantor shall not be released from liability until all Obligations have been satisfied in full and the satisfaction of the Obligations is not subject to challenge or contest. If all or any portion of the Obligations are satisfied and the Lender is required for any reason to pay to any person the sums used to satisfy the Obligations, the Obligations shall remain in effect and enforceable to the extent thereof.

Section 22. Continuing Guaranty. This Guaranty is a continuing guaranty of all existing and future obligations of the Borrower to the Lender and may not at any time be terminated by the Guarantor. This Guaranty may be terminated only in writing by the Lender and upon such terms and conditions as the Lender may impose.

Section 23. Rights of Subrogation, Etc. In the event the Guarantor pays any sum to or for the benefit of the Lender pursuant to this Guaranty, the Guarantor shall have no right of contribution, indemnification, exoneration, reimbursement, subrogation or other right or remedy against or with respect to the Borrower, any other guarantor, or any collateral, whether real, personal, or mixed, securing the obligations of the Borrower to the Lender or the obligations of any other guarantor, and the Guarantor hereby waives and releases all and any such rights which it may now or hereafter have.

Section 24. Financial Statements. The Guarantor shall submit to the Lender annual personal financial statements for the Guarantor within one hundred fifty (150) days from the close of each calendar year. As used herein, financial statements shall include a statement of assets and liabilities and any variation thereof, a statement of sources and uses of funds and income and expense statements certified by the Guarantor in such form and detail as the Lender may require, or other specific statements requested by the Lender in form and substance acceptable to the Lender. Upon the request of the Lender, the Guarantor shall supply the Lender with copies of its most recently filed state and federal income tax returns with all supporting schedules and filings within fifteen (15) days after filing thereof with the Internal Revenue Service. At the request of the Lender, the Guarantor, at its expense, shall cause such financial reports to be prepared by an independent certified public accountant. If an event of default shall have occurred under any of the Loan Documents, or if there shall, in the Lender's opinion, have occurred an adverse change in the finances of the Borrower or the ability of the Borrower to repay the Loan in accordance with the

## DEBTOR'S EXHIBIT 3

terms of the Loan Documents, then at any time thereafter, at the expense of Guarantor, the Lender shall cause such financial reports to be prepared by an independent certified public accountant after review and certified without exception objectionable to the Lender. The costs of supplying the financial statements shall be paid by the Guarantor.

Section 25. **Subordination of Certain Indebtedness.** If the Guarantor advances any sums to the Borrower or its successors or assigns or if the Borrower or its successors or assigns shall hereafter become indebted to the Guarantor, such sums and indebtedness shall be subordinate in all respects to the amounts then or thereafter due and owing to the Lender by the Borrower.

Section 26. **Setoff.** The Lender shall have the right to setoff and apply against the Obligations any sums which the Guarantor at any time has on deposit with the Lender whether such deposits are general or special, time or demand, provisional or final, and the Guarantor hereby pledges and grants to the Lender a security interest in all such deposits.

Section 27. **Renewals, Etc.** This Guaranty shall apply to all sums now or hereafter owed by the Borrower to the Lender and to all extensions, modifications, amendments, renewals, substitutions, and refinancings thereof.

Section 28. **Choice of Law.** The laws of the State of Maryland (excluding, however, conflict of law principles) shall govern and be applied to determine all issues relating to this Guaranty and the rights and obligations of the parties hereto, including the validity, construction, interpretation, and enforceability of this Guaranty and its various provisions and the consequences and legal effect of all transactions and events which resulted in the issuance of this Guaranty or which occurred or were to occur as a direct or indirect result of this Guaranty having been executed.

Section 29. **Consent To Jurisdiction; Agreement As To Venue.** The Guarantor irrevocably consents to the non-exclusive jurisdiction of the courts of the State of Maryland and of the United States District Court for the District of Maryland, if a basis for federal jurisdiction exists. The Guarantor agrees that venue shall be proper in any circuit court of the State of Maryland selected by the Lender or in the United States District Court for the District of Maryland if a basis for federal jurisdiction exists and waives any right to object to the maintenance of a suit in any of the state or federal courts of the State of Maryland on the basis of improper venue or of inconvenience of forum.

Section 30. **Proof of Sums Due on Guaranty.** In any action or proceeding brought by the Lender to collect the sums owed on this Guaranty, a certificate signed by an officer of the Lender setting forth the unpaid balances of principal, and any accrued interest, default interest, attorneys' fees, and late charges owed with respect hereto shall be presumed correct and shall be admissible in evidence for the purpose of establishing the truth of what it asserts. If the Guarantor wishes to contest the accuracy of the figures set forth in any such certificate, the Guarantor shall have the burden of proving by clear and convincing evidence that the certificate is inaccurate or incorrect.

Section 31. **Actions Against Lender.** Any action brought by the Guarantor against the Lender which is based, directly or indirectly, on this Guaranty or any matter in or related to this

DEBTOR'S EXHIBIT 3

Guaranty, including but not limited to the obligations of the Borrower to the Lender, the administration, collection, or enforcement thereof, shall be brought only in the courts of the State of Maryland. The Guarantor may not file a counterclaim against the Lender in a suit brought by the Lender against the Guarantor in a state other than the State of Maryland unless under the rules of procedure of the court in which the Lender brought the action or the counterclaim is mandatory, and not merely permissive, and will be considered waived unless filed as a counterclaim in the action instituted by the Lender. The Guarantor agrees that any forum other than the State of Maryland is an inconvenient forum and that a suit brought by the Guarantor against the Lender in a court of any state other than the State of Maryland should be forthwith dismissed or transferred to a court located in the State of Maryland by that court.

Section 32.  **Invalidity of Any Part**.  If any provision or part of any provision of this Guaranty shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions or the remaining part of any effective provisions of this Guaranty, and this Guaranty shall be construed as if such invalid, illegal, or unenforceable provision or part thereof had never been contained herein, but only to the extent of its invalidity, illegality, or unenforceability.

Section 33.  **Amendment or Waiver**.  This Guaranty may be amended only by a writing duly executed by the Guarantor and the Lender. No waiver by the Lender of any of the provisions of this Guaranty or any of the rights or remedies of the Lender with respect hereto shall be considered effective or enforceable unless in writing.

Section 34.  **Notices**.  Any notice required or permitted by or in connection with this Guaranty shall be in writing and shall be made by facsimile (confirmed on the date the facsimile is sent by one of the other methods of giving notice provided for in this Section) or by hand delivery, by Federal Express, or other similar overnight delivery service, or by certified mail, unrestricted delivery, return receipt requested, postage prepaid, addressed to the Lender or the Guarantor at the appropriate address set forth below or to such other address as may be hereafter specified by written notice by the Lender or the Guarantor. Notice shall be considered given as of the date of the facsimile or the hand delivery, one (1) calendar day after delivery to Federal Express or similar overnight delivery service, or three (3) calendar days after the date of mailing, independent of the date of actual delivery or whether delivery is ever in fact made, as the case may be, provided the giver of notice can establish the fact that notice was given as provided herein. If notice is tendered pursuant to the provisions of this Section and is refused by the intended recipient thereof, the notice, nevertheless, shall be considered to have been given and shall be effective as of the date herein provided.

| | |
|---|---|
| If to the Lender: | Sandy Spring Bank<br>9112 Guilford Road, Suite 2<br>Columbia, Maryland 21046<br>Attn: Alan Jefferson, Vice President |
| with a copy to: | Law Offices Barry T. Canaras<br>19 E. Fayette Street, Suite 400 |

**DEBTOR'S EXHIBIT 3**

Baltimore, Maryland 21202
Attention: Barry T. Canaras, Esquire

If to the Guarantor: The Innovative Technologies Group & Co., Ltd.
8017 Dorsey Run Road
Sut H Jessup MD, 20794
Attention: Robert K. Wilt, President
R. W

Section 35.  Binding Nature. This Guaranty shall inure to the benefit of and be enforceable by the Lender and the Lender's successors and assigns and any other person to whom the Lender may grant an interest in the obligations of the Borrower to the Lender, and shall be binding upon and enforceable against the Guarantor and the Guarantor's personal representatives and assigns.

Section 36.  Joint and Several Nature. In the event there exists more than one Guarantor, all liabilities hereunder shall be joint and several. The liability of the Guarantor shall be joint and several with the liability of any other guarantor not a party to this Guaranty.

Section 37.  Assignability. This Guaranty or an interest therein may be assigned by the Lender, or by any other holder, at any time or from time to time.

Section 38.  Final Agreement. This Guaranty contains the final and entire agreement between the Lender and the Guarantor with respect to the guaranty by the Guarantor of the Borrower's obligations to the Lender. There are no separate oral or written understandings between the Lender and the Guarantor with respect thereto.

Section 39.  Tense; Gender; Defined Terms; Captions. As used herein, the plural includes the singular, and the singular includes the plural. The use of any gender applies to any other gender. If more than one person has executed this Guaranty, the term "Guarantor" means all such persons collectively or any one or more of such persons individually or collectively, as the case may be and as the context may require. All defined terms are completely capitalized throughout this Guaranty. All captions are for the purpose of convenience only.

Section 40.  Seal and Effective Date. This Guaranty is an instrument executed under seal and is to be considered effective and enforceable as of the date set forth on the first page hereof, independent of the date of actual execution.

Section 41.  Waiver of Trial By Jury. The Guarantor and the Lender, by their execution and acceptance, respectively, of this Guaranty, agree that any suit, action, or proceeding, whether claim or counterclaim, brought or instituted by either party hereto or any successor or assign of any party on or with respect to this Guaranty or which in any way relates, directly or indirectly, to this Guaranty or any event, transaction, or occurrence arising out of or in any way connected with this Guaranty, or the dealings of the parties with respect thereto, shall be tried only by a court and not by a jury. EACH PARTY HEREBY EXPRESSLY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION, OR PROCEEDING. The Guarantor acknowledges and agrees

**DEBTOR'S EXHIBIT 3**

that this Section is a specific and material aspect of this Guaranty and that the Lender would not accept this Guaranty as a basis for the extension of credit to the Borrower if this waiver of jury trial Section were not a part of this Guaranty.

    IN WITNESS WHEREOF, the Guarantor has executed this Guaranty with the specific intention of creating a document under seal.

WITNESS/ATTEST:                    The Innovative Technologies Group & Co., Ltd.

_____    X _____
                                                    Robert L. Wilt, President

**STATE OF MARYLAND, CITY/COUNTY OF** _____, **TO WIT:**

    **I HEREBY CERTIFY**, that on this 15th day of March, 2011, before me, the undersigned Notary Public of said State, personally appeared **Robert R. Wilt**, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed the same for the purposes therein contained.

    **WITNESS** my hand and Notarial Seal.

                                                  _____
                                                  Notary Public

My Commission Expires: 5/18/12

                                                  NICHOLAS P. DeLUCA
                                                  NOTARY PUBLIC
                                                  HOWARD CO., MARYLAND

BTC\10992.1

**DEBTOR'S EXHIBIT 3**