Case 25-17998 & 25-18000
**EXHIBIT R-02**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>    Plaintiff,<br><br>  v.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, and IRVIN LUCAS,<br><br>    Defendants. | 21-CV-10572-MRG |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

  This action came before the Court for a jury trial and the issues have been tried. The jury has rendered its verdict [ECF No. 230], and the Court has issued detailed post-trial opinions [ECF No. 297]; [ECF No. 315] regarding, among other things : (i) Plaintiff's motion for a finding on its Chapter 93A claim, (ii) Plaintiff's motion for a finding of willful and malicious conduct, (iii) Plaintiff's motion for attorneys' fees and costs, (iv) Plaintiff's motion for a permanent injunction, and (v) Defendants' motions to alter or amend the judgment, or in the alternative, for remittitur. It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

  1. On Counts I and II of the Complaint, Defendants Blue Sun Scientific, LLC, Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert misappropriated Plaintiff's trade secrets

willfully and maliciously and judgment is hereby entered in favor of Plaintiff on Counts I and II of the Complaint against Defendants Blue Sun Scientific, LLC, Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert by reason of the jury's May 17, 2023 verdict, including exemplary damages assessed against Defendants, Irvin Lucas and Robert Gajewski, in an amount equal to 50% the compensatory damages awarded against each of them pursuant to 18 U.S.C., § 1836(b)(3)(C) and Mass. Gen. L. ch. 93, § 42B(b);

    2.    On Count III of the Complaint, Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert breached their contracts with Plaintiff, and, in addition to damages, Plaintiff is entitled to an award of attorneys' fees and costs (as described below) pursuant to the fee shifting provisions of the contracts. Judgment is hereby entered in favor of Plaintiff on Count III of the Complaint against Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert by reason of the jury's May 17, 2023 verdict;

    3.    On Count IV of the Complaint, Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert violated the covenant of good faith and fair dealing implied in their contracts with Plaintiff and judgment is hereby entered in favor of Plaintiff on Count IV of the Complaint against Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert by reason of the jury's May 17, 2023 verdict;

4. On Count V of the Complaint, judgment is hereby entered on behalf of Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert by reason of the jury's May 17, 2023, verdict;

5. Count VI of the Complaint against Defendants Rachael Glenister and Irvin Lucas was dismissed pursuant to Fed. R. Civ. P. 12(b)(6);

6. On Count VIII of the Complaint, Defendants Blue Sun Scientific, LLC, and the Innovative Technologies Group & Co., Ltd., tortiously interfered with Plaintiff's contractual relations and judgment is hereby entered in favor of Plaintiff on Count VIII against Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd. by reason of the jury's May 17, 2023 verdict;

7. Count VIII of the Complaint against Defendant Arnold Eilert was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and dismissed against the Defendants, Blue Sun Scientific, LLC, The Innovative Technology Group & Co., Ltd., Robert Gajewski, Rachael Glenister, and Irvin Lucas, voluntarily, as stated on the record at Trial Transcript Day 9, 112:11-13;

8. Count IX of the Complaint against Defendants Blue Sun Scientific, LLC, The Innovative Technology Group & Co., Ltd., Robert Gajewski, Arnold Eilert, Rachael Glenister, and Irvin Lucas was dismissed pursuant to Fed. R. Civ. P. 12(b)(6);

9. On Count X, Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd. engaged in knowing or willful violation of Mass. Gen. L. ch. 93A and judgment is hereby entered in favor of Plaintiff on Count X of the Complaint against Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd., including an award of double damages and attorneys' fees;

10. Judgment is hereby entered in favor of Plaintiff on all counts of the Counterclaims by reason of the jury's May 17, 2023 verdict;

11. The Court awards **monetary damages** to Plaintiff in a total amount of $6,665,000.00, allocated against the following defendants in the following amounts:

   **a.** $3,000,000.00 jointly and severally against Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd.;

   **b.** $3,600,000.00 severally against Defendant The Innovative Technologies Group & Co., Ltd.;

   **c.** $30,000.00 severally against Defendant Irvin Lucas;

   **d.** $22,500.00 severally against Defendant Robert Gajewski;

   **e.** $10,000.00 severally against Defendant Rachael Glenister; and,

   **f.** $2,500.00 severally against Defendant Arnold Eilert.

12. For the reasons explained in its detailed opinion [ECF No. 315] on KPM's motion for attorneys' fees and costs, the Court

awards **Reasonable Attorneys' Fees and Reasonable Costs** against the following Defendants in the following amounts:

| Defendant | Amount of Reasonable Attorneys' Fees Owed | Amount of Reasonable Costs Owed |
|---|---|---|
| Blue Sun | $682,301.20 | $121,446 |
| ITG | $833,923.80 | $148,434 |
| Gajewski | $1,125 | $500 |
| Eilert | $200 | $100 |
| Glenister | $750 | $300 |
| Lucas | $1,500 | $750 |
| Total Due KPM | **$1,519,800** | **$271,530** |

These amounts shall be assessed jointly and severally against Defendants Blue Sun Scientific, LLC, The Innovative Technologies Group & Co., Ltd., Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert;

13. The Court awards **prejudgment interest** at the rate of 12% per annum[1] on the following *compensatory damages*[2] figures:

---

[1] Mass. Gen. Laws ch. 231, § 611 ("In any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon at the rate [of twelve percent per annum] to be determined from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.")  Here, the action commenced on April 5, 2021. [ECF No. 1].

[2] This decision is in accordance with this Court's prior ruling that it would only award KPM prejudgment interest on "any elements of the jury award(s) that can fairly be classified as 'compensatory in nature'." [ECF 297 at 8 (citing Governo Law Firm LLC v. Bergeron, 166 N.E.3d 416, 428 (Mass. 2021) ("[p]rejudgment interest applies to awards of compensatory damages because both prejudgment interest and compensatory damages seek to make a plaintiff whole")].

5

| Defendant | Amount Liable (Compensatory Damages Only) |
|---|---|
| Blue Sun | $1,500,000 |
| ITG | $1,800,000 |
| Robert Gajewski | $15,000 |
| Arnold Eilert | $2,500 |
| Rachael Glenister | $10,000 |
| Irvin Lucas | $20,000 |

Accordingly, the Court awards KPM prejudgment interest, allocated against the following Defendants in the following amounts:

**a.** $692,383.56 jointly and severally against Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd.;

**b.** $830,860.27 severally against Defendant The Innovative Technologies Group & Co., Ltd.;

**c.** $9,231.78 severally against Defendant Irvin Lucas;

**d.** $6,923.83 severally against Defendant Robert Gajewski;

**e.** $4,615.89 severally against Defendant Rachael Glenister; and,

**f.** $1,153.97 severally against Defendant Arnold Eilert.

14. The Court grants KPM's request for post-judgment interest at a rate of 3.91%, pursuant to 28 U.S.C. § 1961(a).

**Permanent Injunction**

15. For the reasons explained at length in the Court's written opinion [ECF No. 297 at 49-53] on KPM's motion for a

6

permanent injunction, the Court hereby ORDERS entry of a permanent injunction as follows:

**a.** Defendants and their agents, officers, employees and anyone acting on their behalf are prohibited from using, divulging, disclosing, furnishing, or making available for their own benefit or anyone else's benefit any of the Plaintiff's "Confidential Information" and trade secrets. Confidential Information shall include Plaintiff's confidential and non-public information; documents and data concerning research and development activities; data sets and calibration data; application notes; source code; all copies of UCAL, USCAN or other software; technical specifications; show-how and know-how; marketing plans and strategies; pricing and costing policies; customer lists and information, and accounts and nonpublic financial information.

**b.** If they have not already done so, Defendants must account for and return any and all information and materials they are in possession of and which belong to the Plaintiff, including any and all Confidential Information and trade secrets. This includes, but is not limited to, any and all USB or other computer drives and any copies of the contents thereof containing KPM Confidential Information in the possession of Robert Gajewski, or any other Defendant, and any and all KPM/Unity Near Infra-Red instruments, materials, equipment, supplies, components, parts, calibrations, electronic files, or physical files in the possession of Arnold

Eilert;

**c.** Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas are required to comply with all of the terms of their non-disclosure agreements with KPM and are prohibited from using, for their own and anyone else's benefit, or disclosing to anyone, any of KPM's trade secrets and Confidential Information.

**d. For a period of ten (10) years from the date of the issuance of this Permanent Injunction**, Defendants are prohibited from offering to provide or providing or offering to sell or selling to any party any services or products, including but not limited to any maintenance, hardware, software or data, related to any Near Infra-Red analyzer manufactured or sold by KPM or its predecessors in interest, including but not limited to analyzers manufactured or sold by Unity Scientific or Process Sensors Corporation.

**e. For a period of ten (10) years from the date of the issuance of this Permanent Injunction**, Defendants are prohibited from offering to sell or selling any Near-Infrared analyzer product to the customers listed on the attached Exhibit A, filed under seal herewith. Exhibit A to this Final Judgment and Permanent Injunction will remain under seal until such time as this Court lifts the seal. Nevertheless, Exhibit A will be made available to

8

the parties and to any person or entity bound by this Paragraph 16 of the Final Judgment and Permanent Injunction.

16. For purposes of this Permanent Injunction, if a customer-organization includes multiple individual divisions, sites, or locations that make independent buying decisions, each division, site, or location is deemed a separate party. A division, site, or location makes independent buying decisions if the division, site, or location has the authority to determine which near-infrared analyzer to purchase without input from other divisions, sites, or locations within the organization. A division, site, or location *does not make* independent buying decisions if the division, site, or location was referred to the Defendants by a person to whom the Defendants previously sold or offered to sell services or products related to any Near Infra-Red analyzer manufactured or sold by KPM or its predecessors in interest.

17. If any party believes that a violation of this Permanent Injunction has occurred, they must first meet and confer with other interested parties to see if the issue can be resolved without involvement of the Court. If not, the parties may jointly request that the Clerk schedule a Status Conference as soon as practicable.

18. The Permanent Injunction appearing at paragraph 15 of this Order is permanent and shall continue to be effective until

such time as this Court issues a subsequent order revising or ending the above ORDER.

19. The Court hereby ORDERS that the bond posted by Plaintiff in the amount of $70,000.00 shall be released by the Clerk of Courts.

**So ORDERED:**                                    **Dated:**

/s/ Margaret R. Guzman                             February 7, 2025
Hon. Margaret Guzman,
United States District Judge